## MINNICK v. STATE TAX COMMISSION

Ronald M. Somers, The Dalles, Oregon, represented plaintiffs; Carl N. Byers, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered March 17, 1967.

EDWARD H. HOWELL, Judge.

The tax commission issued an income tax deficiency assessment against plaintiffs for 1964 and plaintiffs appeal.

In 1959 the plaintiffs purchased an old three-story residence in the business area of The Dalles and used the building for an office, a family rental and a restaurant. In the latter part of 1963 the city fire marshal advised the plaintiffs that the building did not con-

form to the fire code. Plaintiffs then demolished the residence and constructed a new office building. The remaining basis in the old building was claimed as a loss in 1964. The commission in disallowing the loss added the undepreciated basis and the cost of demolition of the old building to the capitalized cost of the new office building.

Under ORS 316.320 taxpayers are entitled to deduct losses sustained during the tax year. The commission's Reg. 316.320(1)(a)-(A) for this statute states:

> "Except as otherwise provided in this regulation, any loss due to the voluntary removal or demolition of old buildings, the scrapping of old machinery, equipment, etc., is deductible upon the same basis as in the sale of property, its salvage value being treated as value realized in computing the loss. The foregoing rule is applicable with respect to cases where there was no intention on the part of the taxpayer at the time of purchase to remove or demolish the building or other property. However, an exception is made if the purpose of the demolition is to make way for betterment, replacement or new construction. In such cases, no deduction is allowed, regardless of the fact that the intent to demolish may not have been formed until after purchase, and the remaining undepreciated basis of the old property must be added to the basis of the new property. When property is purchased with the intention of demolishing a building, replacing a demolished building with another structure, or using the land for another purpose, cost of removal shall be added to the full cost of the property and capitalized as cost of land."

The parties have stipulated that the plaintiffs did not intend to demolish the building when they purchased it in 1959.

■ The regulation above allows a loss due to the voluntary destruction of a building unless the taxpayer intended the demolition at the time of purchase or if the demolition was for the purpose of new construction. Nothing is said in the regulation about the effect of the demolition when it is involuntary. However, on trial the counsel agreed that the issue under the loss statute, ORS 316.320, and the above regulation was whether the demolition of the building was voluntary or involuntary. If it were involuntary then plaintiffs are entitled to prevail and deduct the remaining basis in the building as a loss in 1964. The case will be decided on that issue.

■ "Involuntary" has been defined as "[n]ot proceeding from choice; done, given, etc., unwillingly or under compulsion." *Mollett v. City of Tacoma,* 52 Wash 2d 729, 337 P2d 48, 49 (1959). See also 22A, Words and Phrases, 365.

■ The court finds the plaintiffs were not proceeding from choice and the destruction of the building was involuntary. The tax commission in its opinion and order also found: "This building was condemned in 1963 by the city fire marshal and consequently the taxpayers demolished the building in the latter part of 1963 and in early 1964."

While the building was not actually "condemned" in the sense that the city had taken the necessary legal action to force plaintiffs to destroy the building, the city fire chief advised plaintiffs that they were in violation of the city building and fire code and unless some changes were made they would have to close down at least part of the building. The fire chief testified that the extent of the changes required to permit use of the building for commercial purposes or as a multi-family dwelling would be so great and expen-

sive that it would be more practical "to tear it down and build a whole new building." It was also impractical to retain the old building as a single-family dwelling because the huge, old, rambling house was in a commercial zone in a downtown area, the large house next door had been razed; the house was expensive to maintain (the heat cost more than the rent) and renters for such a building were generally unsatisfactory.

The plaintiffs did not intend to demolish the building when they purchased it. Circumstances beyond their control—the extensive and expensive repairs necessary to convert an old frame building to comply with the building and fire code and the difficulty of using it for a single-family rental—left them with no practical alternative except to demolish the building. See *Parma Company v. Commissioner*, 18 BTA 429 (1929); 5 Mertens, *Law of Federal Income Taxation*, § 28.23, p 87. The destruction was involuntary under the circumstances and the plaintiffs are entitled to deduct their remaining basis in the house as a loss in 1964.

No costs.